FILED
CLERK, U.S. DISTRICT COURT

2/21/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JASON VARGAS,<br>JOSEPH AGUIRRE, and<br>JOSEPH MORENO,<br><br>　　　　　Defendants. | CR No. 2:24-cr-00116-GW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. § 924(c)(1)(A)(ii): Possess, Use, Carry, and Brandish a Firearm in Furtherance of, and During and in Relation to, a Crime of Violence; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　Xotic AV Smoke Shop was a tobacco store located at 612 West Avenue J, Lancaster, California. Xotic AV Smoke Shop sold and

distributed products in and affecting interstate commerce. Xotic AV Smoke Shop obtained goods from outside California.

B.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about January 5, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants JASON VARGAS, JOSEPH AGUIRRE, and JOSEPH MORENO, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants VARGAS, AGUIRRE, and MORENO, Co-Conspirator 1, and others known and unknown to the Grand Jury, would drive to and all enter a store to commit a robbery.

2.   Defendants VARGAS and AGUIRRE, in the presence of store employees, would brandish firearms to frighten and control employees during the course of the robbery.

3.   Defendants AGUIRRE and MORENO, Co-Conspirator 1, and others known and unknown to the Grand Jury, would steal merchandise and cash from the store.

4.   Defendants VARGAS, AGUIRRE, and MORENO, Co-Conspirator 1, and others known and unknown to the Grand Jury, would drive away from the robbery location with the stolen merchandise and cash after the robbery was completed.

D.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants VARGAS, AGUIRRE, and MORENO, Co-Conspirator 1, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On January 5, 2024, defendants VARGAS, AGUIRRE, and MORENO, and Co-Conspirator 1, drove to Xotic AV Smoke Shop in order to commit a robbery.

Overt Act No. 2:   On January 5, 2024, inside Xotic AV Smoke Shop, defendants VARGAS and AGUIRRE pointed firearms at victim-employees.

Overt Act No. 3:   On January 5, 2024, inside Xotic AV Smoke Shop, defendants VARGAS and AGUIRRE forced victim-employee T.P. to open the cash register and stole approximately $955 from the cash register.

Overt Act No. 4:   On January 5, 2024, inside Xotic AV Smoke Shop, defendants VARGAS and AGUIRRE, brandishing firearms, forced victim-employees into the back room on their knees.

Overt Act No. 5:   On January 5, 2024, inside Xotic AV Smoke Shop, defendants AGUIRRE and MORENO, and Co-Conspirator 1, stole merchandise and cash from the store.

Overt Act No. 6:   On January 5, 2024, defendants VARGAS, AGUIRRE, and MORENO, and Co-Conspirator 1, fled Xotic AV Smoke Shop with approximately $6,491 in stolen merchandise and cash belonging to Xotic AV Smoke Shop.


COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about January 5, 2024, in Los Angeles County, within the Central District of California, defendants JASON VARGAS, JOSEPH AGUIRRE, and JOSEPH MORENO, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants VARGAS, AGUIRRE, and MORENO, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of approximately $6,491 belonging to Xotic AV Smoke Shop located at 612 West Avenue J, Lancaster, California, a commercial tobacco store, the inventory of which traveled in interstate commerce, in the presence of Xotic AV Smoke Shop employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about January 5, 2024, in Los Angeles County, within the Central District of California, defendants JASON VARGAS, JOSEPH AGUIRRE, and JOSEPH MORENO, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried firearms during and in relation to, and possessed the firearms in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and, in so doing, brandished the firearms.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

   b. All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    a. All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime Section

KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys
Violent & Organized Crime Section

9