E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorneys
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495/5046
    Facsimile: (213) 894-0141
    E-mail:   kevin.butler2@usdoj.gov
               jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-116-GW-2 |
|---|---|
| Plaintiff, | MEMORANDUM IN OPPOSITION TO DEFENDANT JASON VARGAS'S APPLICATION FOR RECONSIDERATION OF ORDER SETTING CONDITIONS OF DETENTION |
| v. | |
| JOSEPH AGUIRRE, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, hereby files its memorandum in opposition to defendant JOSEPH AGUIRRE's application for reconsideration of order setting conditions of detention (Dkt. 58).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 9, 2024              Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 MACK E. JENKINS
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                        /s/
                                 KEVIN J. BUTLER
                                 JENA A. MACCABE
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

While he and his crew robbed a smoke shop, defendant JOSEPH AGUIRRE ("defendant") pointed a black semi-automatic handgun at a victim employee and forced the victim employee into the back room where his co-conspirator was holding a rifle to another victim employee's head.  In addition to defendant's violent and dangerous conduct in this case and his prior arrest with a different AR-15 rifle in his car, among many other reasons discussed below, his 18 U.S.C. § 924(c) charge carries a presumption in favor of detention. Defendant has not, and cannot, rebut that presumption.

No conditions can adequately mitigate risk of danger and non-appearance.  This Court detained defendant based on the nature and circumstances of the offense charged; weight of known evidence against defendant; lack of bail resources; no stable residence, employment, or community ties; and the unrebutted presumption.  (Dkt. 37.)  The nature and circumstances of the offense charged, weight of known evidence against defendant, and the unrebutted presumption remain the same.  Defendant should remain detained pending trial.[1]

**II.   ARGUMENT**

    **A.    Legal Standard**

Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

---

[1] On July 8, 2024, the District Judge presiding over this trial affirmed this Court's order of detention for defendant's armed co-conspirator.  Both this defendant and that co-conspirator engaged in similarly dangerous conduct during the armed robbery and have demonstrated their ready access to firearms.

1

Courts consider several factors in detention determinations, including: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).

In cases involving certain firearm offenses like that charged in this case, the Bail Reform Act established a presumption that a defendant is both a flight risk and a danger to the community.  18 U.S.C. § 3142(e).  Once the presumption is triggered, the defendant has the burden of producing or proffering evidence to rebut the presumption.  United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988).  Even if the defendant rebuts the presumption, however, the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g).  United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986); see also United States v. Ward, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999).

**B.   Defendant Is a Serious Danger to the Community**

In addition to the presumption of dangerousness, there is strong evidence of defendant's dangerousness.

First, the nature of the charges is strong evidence of defendant's dangerousness.  (See Dkt. 32, 37.)  Hobbs Act robbery is a "crime of violence" as that term is defined by the Bail Reform Act.

United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020); see also 18 U.S.C. § 3156(a)(4).  And, specifically here, pointing a semi-automatic handgun at a victim employee, and forcing that employee around the store, while a co-conspirator uses an assault rifle to control the other victim employee, shows a total disregard for human life and safety.  Defendant's conduct during the armed robbery was premeditated and methodical, warranting pretrial detention.  See United States v. Mercedes, 254 F.3d 433, 437 (2d Cir. 2001) (reversing grant of pretrial release in a planned armed robbery case based on the nature of the crime and the strength of the evidence, to include loaded firearms); United States v. Lomax, 493 F. App'x 437, 439 (4th Cir. 2012) (affirming district court's reliance on defendants' Hobbs Act robbery "crimes were a danger to the community" in affirming sentence); United States v. Rivera, No. 2:06-cr-133, 2007 WL 2531308, at *2 (N.D. Ind. Aug. 31, 2007) (affirming detention order where defendant was charged with several "robberies, which are by definition crimes of violence").

 Second, the weight of the evidence against defendant on this point unquestionably favors detention.  That evidence cannot be ignored in assessing defendant's risk of danger and non-appearance in this case.  See, e.g., United States v. Aslanian, No. 22-50300, 2022 WL 18046468, at *1 (9th Cir. Dec. 30, 2022) ("Given the nature of the crime and the **strength of the government's case**, we find that the government has met its burden of showing, by clear and convincing evidence, that 'no condition or combination of conditions will reasonably assure . . . the safety of . . . the community.'"

3

(emphasis added)).[2]  The robbery was captured on surveillance footage.  Defendant's co-conspirator had a video on his phone showing defendant and his co-conspirators digging through the stolen merchandise.

Third, this is not defendant's first run-in with the law.  According to the Pretrial Services Report, as well as the complaint, on January 10, 2024, defendant was arrested for having an AR-15 rifle in his car.  That rifle was another firearm, beyond what was used in the charged smoke shop robbery and previous armed robberies defendant was suspected in.  (See Compl. ¶ 19.)

Defendant's proposed bail resources do not mitigate defendant's danger to the community in light of the severity of his charged offenses.  See United States v. Barone, 387 F. App'x 88, 89-90 (2d Cir. 2010) ("The fact that Barone . . . planned violent crimes . . . signals a degree of dangerousness unlikely to be deterred by bail release conditions."); see also United States v. Hir, 517 F.3d 1081,

---

[2] Nothing in the text endorses assigning relative weights to the statutory factors, 18 U.S.C. § 3142(g), and this Court should not do so.  The statement that the strength of the evidence is deserving of the "least weight" originated with United States v. Honeyman, 470 F.2d 473, 474 (9th Cir. 1972), but only in the context of applying the factors to that specific case.  While one factor might outweigh others in a particular case, it is inappropriate to treat one factor as categorically less important.  See United States v. Zhang, 55 F.4th 141, 149 (2d Cir. 2022) ("[T]he weight given to each factor will inevitably vary from case to case.").  Indeed, various courts have questions and criticized the creation of a hierarchy of factors.  See, e.g., United States v. Calabrese, 436 F. Supp. 2d 925, 927 (N.D. Ill. 2006) (finding that "[s]ubsequent Ninth Circuit opinions seized on [one case's] language but without discussing the justification for favoring one," "[t]he statute does not instruct that one or another factor is less important," "it is difficult to see how this factor could always be less important than others," "were there very strong evidence that a defendant was a serial rapist or killer, this factor alone might outweigh all other[s]," and that the principle is an "off-key but well-intentioned attempt to remind us of the rule that detention is not to ordered simply because we are convinced that the accused is guilty.").

4

1092 (9th Cir. 2008) (affirming denial of proposed $600,000 secured bail package based on risk defendant posed to the community); Rep. No. 225, 98th Congress, 1st Sess. 1983, 1984 U.S.C.A.N. 3182, 3198-99 (n.60) (Congress finding that "a defendant who is a danger to the community remains dangerous even if he has posted a substantial money bond"). Accordingly, the Court should find that defendant is a risk of danger to the community.

### C. Defendant Presents a Substantial Risk of Non-Appearance

Defendant also presents a substantial risk of non-appearance. While defendant has no adult convictions, he still faces a significant sentence of imprisonment if convicted at trial, which creates an incentive not to appear for court hearings in this case. On the § 924(c) count alone, defendant faces a mandatory minimum <u>consecutive</u> sentence of seven years in prison, even before any Guidelines sentence for his participation in the robbery. And he faces a statutory maximum sentence of life.

Such a lengthy prison sentence, especially when coupled with the strength of the evidence against defendant, provides a significant incentive for defendant not to appear for court. Courts have recognized this a basis for finding defendant is a risk of non-appearance. See <u>United States v. Townsend</u>, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."); <u>United States v. Gonzalez Claudio</u>, 806 F.2d 334, 338 (2d Cir. 1986) ("It is entirely reasonable to conclude that a risk of flight is more likely in circumstances where evidence indicates that defendant . . . faces a substantial risk of being convicted of serious pending charges and receiving significant

punishment."). The severity of the potential penalties involved augments defendant's risk of non-appearance. <u>See</u> <u>United States v. Brennerman</u>, 705 F. App'x 13, 15 (2d Cir. 2017) (affirming denial of bail based on risk of non-appearance where defendant facing fraud charges that exposed him to a range of just 57 to 71 months' imprisonment). Thus, the Court should also find that defendant is a risk of non-appearance.

**III. CONCLUSION**

For the foregoing reasons, defendant has not rebutted the presumption of detention, and the government respectfully requests that this Court order that defendant remain detained pending trial.